[Crim. No. 3242. In Bank.—September 26, 1929.]

THE PEOPLE, Respondent, v. JAMES CHANDLER, Appellant.

C. N. Rude for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

SHENK, J.—The defendant was prosecuted, by information, for the murder of one Jessie Gafford, twenty-eight years of age. The jury returned a verdict of murder of the first degree, without recommendation. The defendant appeals from the judgment imposing the extreme penalty and from the order denying his motion for a new trial.

For about thirty days prior to December 23, 1928, the defendant was living with Edwin Echols at Compton Avenue and Adams Street, in the city of Los Angeles. The deceased was living at the same place. Intermittently for three years past she had been living with the defendant in an illicit relationship. There was evidence that she was engaged in illegal traffic in intoxicating liquors and there was also evidence from which the jury might reasonably infer that she was a prostitute and was sharing with the defendant the proceeds from one or both of her activities. In the late morning and early afternoon of December 23, 1928, the defendant was at the near-by home of a woman at which the deceased was a frequent visitor. During that time the defendant had some drinks and police officers were called to take him away. However, when the officers arrived, about 5 o'clock, they concluded that it was not necessary to arrest him. Whereupon he was taken to his own home by Echols. Later on in the evening he returned

to the neighbor's house, where he became engaged in a conversation with the deceased in which he accused her of having another man. He continued to upbraid her for other reasons. He accused her of not charging enough in her illicit transactions with others and of making false reports to him as to what she had received. The deceased disputed all of the accusations, but the defendant refused to accept her explanations and protestations of truthfulness and became violent. In the house of the neighbor he first began his physical abuse of her by beating her with a dead but unpicked chicken. Later he assaulted her by striking her body with a chair and kicking her. This conduct on the part of the defendant was seen by an eye-witness who testified at the trial. After nightfall police officers were again called. When the police machine turned into the alley in the rear of the neighbor's house the headlights disclosed the defendant kicking the prostrate and disheveled body of his victim. He endeavored to escape by running and hiding under the work bench of a near-by garage, where he was apprehended. The walls and the floor of the room where the defendant first assaulted the deceased were bespattered with blood. The remnants of the broken chair with which he struck her contained blood marks. A broken mop stick with human blood on it was found in the yard and pools of blood were found where the body lay in the alley. There was evidence of marks on the ground in the rear of the house which it was reasonable to assume were caused by dragging the body from the house to the alley.

The defendant did not claim that he was intoxicated at any of the times when he was seen assaulting the deceased. He protested that he was not and the police officers testified that he was not intoxicated when he was arrested. His wholly inadequate explanation was that he was endeavoring to take the deceased to her home. The autopsy surgeon testified that there were numerous contusions and abrasions on the arms, legs and body of the deceased, that her left wrist was fractured and that death was caused by concussion of the brain and a subdural hemorrhage following injuries of the head.

The first contention is that the evidence is insufficient to support a verdict of murder of the first degree

because of the alleged absence of proof of malice. There is no merit in this claim. The accusations of the defendant against the deceased, considered in connection with their prior relations, fully furnished this element and stamp the offense with malice, both express and implied, as defined by sections 188 and 189 of the Penal Code.

The only other point made by the defendant is that the court committed prejudicial error in giving certain instructions to the jury. The entire charge to the jury has been examined. It was full, fair and complete and no error appears therein.

The judgment and order are and each is affirmed.

Seawell, J., Richards, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.